UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DARRELL WILLIAMS (#471225)

VERSUS                                    CIVIL ACTION

N. BURL CAIN, ET AL                       NUMBER 14-92-JWD-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 25, 2014.

                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DARRELL WILLIAMS (#471225)

VERSUS                                          CIVIL ACTION

N. BURL CAIN, ET AL                             NUMBER 14-92-JWD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Darrell Williams.

For the reasons which follow, the petition should be denied.

**I. Background**

Petitioner was found guilty of one count second degree murder in the Nineteenth Judicial District Court for East Baton Rouge Parish, Louisiana on April 30, 2010. Petitioner was sentenced to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence.

Petitioner, through counsel, appealed his conviction and sentence asserting a single assignment of error:[1]

1. The trial court erred when it denied his motion for mistrial based on the State's failure to comply with La.C.Cr.P. art. 716(B).

---

[1] State Court Record, Vol. 6.

Petitioner filed a pro se brief in which he asserted an additional assignment of error:[2]

    2.    The State's failure to notify the defense of its intent to introduce an inculpatory statement violated La.C.Cr.P. art. 768.

The Louisiana First Circuit Court of Appeal affirmed the petitioner's conviction and sentence in *State of Louisiana v. Darrell Williams,* 2011-0324 (La. App. 1st Cir. 9/14/11), 90 So.3d 542 (Table).

Petitioner sought review by the Louisiana Supreme Court, which denied review on February 17, 2012. *State of Louisiana v. Darrell Williams,* 2011-2200 (La. 2/17/12), 82 So.3d 283.

Petitioner signed his application for post-conviction relief ("PCRA") on April 25, 2012, and it was filed on May 2, 2012.[3] Petitioner asserted the following ground for relief:

    1.    He was denied effective assistance of counsel when counsel failed to obtain an expert in forensic pathology to establish that the petitioner's injuries were not self-inflicted.

On May 7, 2012, the petitioner supplemented his PCRA.

---

[2] *Id.*

[3] The PRCA contains a stamp which indicates it was received by the Nineteenth Judicial District Court on May 15, 2012. However, the Commissioner's Recommendation indicated that the PCRA was filed on May 2, 2012. Because there is no dispute that the petitioner's federal habeas corpus application was filed within the § 2244(d) limitations period, it is unnecessary to determine the correct PCRA filing date.

2

Petitioner asserted the following additional ground for relief:[4]

>    2. His due process rights were violated as a result of defense counsel's conflict of interest. Specifically, the petitioner argued that a conflict of interest was created by the mere fact that his defense counsel was a former prosecutor.

On November 2, 2012, a Commissioner's Recommendation was issued recommending that the PCRA, including the claim asserted in the supplemental brief, be denied. On January 7, 2013, the trial court adopted the Commissioner's Recommendation and denied the PCRA for the reasons set forth therein.

Petitioner sought review in the Louisiana First Circuit Court of Appeal. On May 8, 2013, the Louisiana First Circuit Court of Appeal denied review. *State of Louisiana v. Darrell Williams*, 2013-0477 (La. App. 1st Cir. 5/8/13).

Petitioner sought review by the Louisiana Supreme Court, which denied review on January 17, 2014. *State ex rel. Darrell Williams v. State of Louisiana*, 2013-1608 (La. 1/17/14), 82 So.3d 283.

Petitioner signed his federal habeas corpus petition on February 6, 2014 and it was filed on February 10, 2014. Petitioner asserted two grounds for relief in the petition[5]:

Ground One: He was convicted based upon evidence which was

---

[4] The supplemental PCRA could not be located in the state court record and was not attached as an exhibit to the petitioner's federal habeas corpus petition. However, the supplemental PCRA was referenced in the Commissioner's Recommendation and there is no dispute that the claim was raised.

[5] Record document number 1, p. 3.

>obtained pursuant an unconstitutional search and seizure.

Ground Two: He was denied effective assistance of counsel.

Petitioner filed a 36 page Memorandum of Law in Support of Petition for Federal Habeas Corpus (hereafter "Supporting Memorandum") in which he failed to brief the factual and legal basis for the claims asserted in Ground One and Ground Two. Instead, the petitioner argued in the Supporting Memorandum, in various sections, that the grand jury indictment was defective because it failed to allege the essential elements of the crime charged and the state appellate court did not examine the record for error pursuant to LSA-La.C.Cr.P. art. 920.[6]

---

[6] Record document number 1-1, pp. 6-9. In its Memorandum in Opposition to Petition For Writ of Habeas Corpus the State noted that the petitioner referred to the sufficiency of the evidence, the introduction of inculpatory evidence and ineffective assistance of counsel in his Supporting Memorandum, but asserted that he failed to state a factual or legal basis to support an identifiable claim related to these references. Record document number 10, pp. 3-4.

In his Traverse in Opposition to State's Attorney Response to Petitioner's Writ of Habeas Corpus the petitioner asserted that he "continues to challenge the medical records, ineffective assistance of counsel and the indictment's validity," and he "makes it clearly known throughout that the issues in the instant petition, adopts past pleadings and argument's to both direct appeal and collateral petitioner raised serious questions concerning the effects of the Medical records, the indictments validity, and the provision's of Art. 920 of Louisiana Code of Criminal Procedure." (sic) Record document number 11, p. 3. Although the petitioner cited a plethora of federal court cases on these issues, only the discussion related to the sufficiency of the indictment is tied to something specific in the state court record. Each of the other so-called issues addressed in the petitioner's Supporting Memorandum is ultimately based on the argument that the indictment

(continued...)

No evidentiary hearing is required.

## II. Applicable Law and Analysis

### A. Standard of Review

Section 2254(d) provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(e)(1) provides as follows:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

---

[6](...continued)
was deficient.
   Nevertheless, the State addressed the errors the petitioner raised in his direct appeal, record document number at 10-17, and in his PCRA, *id.* at 17-20. Assuming that any of his direct appeal and PCRA claims were intended to asserted as grounds for relief in his federal habeas corpus petition, the petitioner has not met his burden under §2254(d) to show that the state courts' adjudication of those claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

Subsection (d)(2) of § 2254 applies to a state court's factual determination. It bars federal court relief unless the state court adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence." Subsection (d)(1) provides the standard of review for questions of law and mixed questions of law and fact. *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114 (1997).

The second clause of subsection (d)(1) refers to mixed questions of law and fact because it speaks of an "unreasonable application of ... clearly established Federal law." When the issue before the court is a mixed question of law and fact, the court may grant relief only if it determines that the state court decision rested on "an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court," to the facts of the case. The first clause of subsection (d)(1) refers to questions of law. When the issue raised involves a purely legal question, the court may grant relief only if it determines that a state court's decision rested on a legal determination that was "contrary to...clearly established Federal law, as determined by the Supreme Court." *Id*.

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, ____ U.S. ____, ____, 131 S.Ct. 1388, 1399,

179 L.Ed.2d 557 (2011); *McCamey v. Epps*, 658 F.3d 491, 497 (5th Cir. 2011). Review under § 2254(d)(1) focuses on what a state court knew and did. *Cullen v. Pinholster*, 131 S.Ct. at 1399. "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas corpus petitioner must overcome the limitation of § 2254(d)(1) based on the record that was before that state court." *Id.*, at 1400. State court decisions are measured against the Supreme Court's precedents as of "the time the state court renders its decisions." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S.Ct. 1166 (2003). *Pinholster* prohibits a federal court from using evidence that is introduced for the first time at a federal-court evidentiary hearing as the basis for concluding that a state court's adjudication is not entitled to deference under § 2254(d). *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011).

To determine whether a particular decision is "contrary to" then-established law, a federal court must consider whether the decision "applies a rule that contradicts [such] law" and how the decision "confronts [the] set of facts" that were before the state court. *Williams v. Taylor*, 529 U.S. 362, 405, 406, 120 S.Ct. 1495, 1519 (2000). If the state court decision "identifies the correct governing legal principle" in existence at the time, a federal court must assess whether the decision "unreasonably applies that

7

principle to the facts of the prisoner's case." *Id.*, at 413, 120 S.Ct. at 1523.

**B. Grounds One and Two: No Merit**

Petitioner asserted two grounds for relief in his Petition: he was subjected to an illegal search and seizure and he was denied effective assistance of counsel. However, the petitioner did not explain the factual or legal basis for either claim in his Petition or Supporting Memorandum.

Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts requires a federal habeas corpus petitioner to specify all grounds for relief, state the facts supporting each ground, the relief requested, and to sign the petition under penalty of perjury.

"Although pro se habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990)(quoting *United States v. Woods*, 870 F.2d 285, 288 n. 3 (5th Cir. 1989)).

Because the petitioner's illegal search and seizure (Ground One) and ineffective assistance of counsel (Ground Two) claims are at best conclusory, neither claim presents a viable ground for relief.

### C. Defective Indictment Claim: Technically Exhausted, Procedurally Barred

The State argued that insofar as the petitioner's Supporting Memorandum can be read to assert that the indictment was defective, the claim is unexhausted.

Congress provided that the writ of habeas corpus shall not be granted unless the petitioner has exhausted all remedies available in the court of the state that exercised custody over the petitioner. 28 U.S.C. § 2254(b). Generally, the exhaustion requirement is satisfied if a claim has been presented once to the state's highest court. *Carter v. Estelle*, 677 F.2d 427, 442 n. 10 (5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508 (1983); see generally *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

To demonstrate compliance with the exhaustion requirement, a habeas applicant must show that the federal claim he asserts in federal court has been "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971). Generally, the habeas applicant must present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Dupuy v. Butler*, 837 F.2d 699 (5th Cir. 1988).

"The exhaustion requirement is satisfied when the substance of

9

the federal habeas claim has been fairly presented to the highest state court." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). For a claim to have been fairly presented, the state court must "be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S.Ct. 887 (1995) (per curiam). Vague or fleeting references to principles of constitutional law are not enough, *see Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001), nor will the fact that the petitioner made a "somewhat similar state-law claim" suffice, *see Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276 (1982).

"A habeas petitioner fails to exhaust state remedies 'when he presents material additional evidentiary support to the federal court that was not presented to the state court.'" *Kunkle v. Dretke*, 352 F.3d 980, 988 (5th Cir. 2003), *cert. denied*, 543 U.S. 835, 125 S.Ct. 250 (2004) (quoting *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996)). However, "[e]vidence is not material for exhaustion purposes if it *supplements*, but does not *fundamentally alter*, the claim presented to the state courts." (internal quotations and citation omitted, emphasis in original).

Although claims are considered to be "technically" exhausted when state relief is no longer available, without regard to whether the claims were actually exhausted by presentation to the state courts, *Coleman v. Thompson*, 501 U.S. 722, 731-33, 111 S.Ct. 2546

(1991), if a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred'", then the claim is procedurally defaulted. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845 (1998) (quoting *Coleman*, 501 U.S. at 735 n.1, 111 S.Ct. 2546).

Petitioner's unexhausted claim is "technically exhausted because, and only because, petitioner allowed his state law remedies to lapse without presenting his claims to the state courts." *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (internal citation and quotation omitted).

Petitioner's technically exhausted claim would be barred from consideration in a post-conviction relief application by Louisiana Code of Criminal Procedure Article 930.8. This provision of Louisiana law fixes a time limit of two years after the judgment of conviction and sentence has become final within which to file an application for post-conviction relief. Although the statute contains four exceptions, none of those exceptions apply in this case, and the petitioner has not offered any evidence or argument supporting the application of any exception.

When a state prisoner has defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the

11

prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565. Reliance upon Article 930.8 has been held to be a valid procedural bar. *Glover v. Cain*, 128 F.3d 900 (5th Cir. 1997).

Petitioner has not shown cause for his procedural default, or actual prejudice resulting from it. Nor has the petitioner made a showing to support a claim of factual innocence. Consequently, this court is barred from considering the petitioner's technically exhausted defective indictment claim.

### D. Defective Indictment Claim: No Merit

Even if the petitioner's defective indictment claim were not procedurally barred, it would nonetheless be without merit.

Petitioner argued that the trial court exceeded its jurisdiction in proceeding to trial on the charge of second degree murder because the grand jury indictment failed to allege the essential elements of the crime charged and did not cite the statute as required by LSA-La.C.Cr.P. art. 872.

A federal habeas court may grant relief when the petitioner is held in custody pursuant to a judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).

12

Federal courts will not review a state court's interpretation of its own law in a federal habeas corpus proceeding. *Cook v. Morrill*, 783 F.2d 593 (5th Cir. 1986).

Fairly read, the petitioner's defective indictment claim asserts only a violation of state law. Insofar as the foundation of the petitioner's defective indictment claim rests on the proper interpretation and application of state jurisprudence and procedural rules, this is an issue not within the scope of federal habeas corpus. As such, the petitioner's defective indictment claim is without merit.

Insofar as the petitioner's deficient indictment claim can be read to assert on a violation of federal law, the standard for determining the sufficiency of an indictment is based upon practical, not technical considerations. *United States v. Chaney*, 964 F.2d 437, 446 (5th Cir. 1992). The test involves minimal constitutional standards, not whether a better indictment could have been written. *Id*. The essential elements of the offense, including knowledge or intent, must be included in the indictment but need not be expressed in any specific terms. *United States v. Arteaga-Limones*, 529 F.2d 1183 (5th Cir.), cert. denied, 429 U.S. 920, 97 S.Ct. 315 (1976). The "plain and sensible meaning of the language used" may give the defendant notice sufficient to meet the requirements of the Sixth Amendment. *United States v. Haas*, 583 F.2d 216 (5th Cir. 1978), cert. denied, 440 U.S. 981, 99 S.Ct. 1788

13

(1979). The fact that an indictment is insufficient under state penal code statutes does not necessarily affect the federal constitutional determination as to whether the indictment gives a defendant notice of the charge against him. *United States v. Webb*, 747 F.2d 278 (5th Cir. 1984), cert. denied, 469 U.S. 1226, 105 S.Ct. 1222 (1985).

> The grand jury indictment[7] provided the following:
> On this the 8th day of November, 2007 the Grand Jury of the Parish of East Baton Rouge, State of Louisiana, charges that Darrell Williams on or about the 1st day of July, 2007 at and in the Parish, District and State aforesaid, committed the offense of Second Degree Murder as defined by Louisiana Revised Statute Title 14; Article 30.1 in that:
> On or about July 1, 2007, the defendant committed second degree murder of Sherrie Albert,
> contrary to the law of the State of Louisiana and against the peace and dignity of the same.

The indictment was constitutionally adequate to give notice of the charges.

### **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Darrell Williams be denied.

---

[7] State Court Record, Vol. 1, p. 20.

It is further recommended that a certificate of appealability be denied for the reasons set forth herein.

Baton Rouge, Louisiana, November 25, 2014.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE